WOODRUFF, SPRADLIN & SMART, APC
CAROLINE A. BYRNE – State Bar No. 196541
cbyrne@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

Attorneys for Defendants CITY OF GARDEN GROVE, a public entity and SERGEANT MARK LORD, an employee of Defendant City of Garden Grove, a public entity; and Defendant SERGEANT MIKE MARTIN, a former employee of Defendant City of Garden Grove, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON NGUYEN, | CASE NO.: 8:21-cv-01775-JVS (ADSx) |
| Plaintiff, | BEFORE THE HONORABLE JAMES V. SELNA COURTROOM 10C |
| v. | |
| CITY OF GARDEN GROVE, MARK LORD, MICHAEL REYNOLDS, SERGEANT MARTIN, AND DOES 1-10, INCLUSIVE, | **ANSWER OF DEFENDANT SERGEANT MIKE MARTIN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW Defendant SERGEANT MIKE MARTIN, a former employee of Defendant City of Garden Grove, a public entity ("Defendant") to answer the first amended complaint of Plaintiff AARON NGUYEN ("Plaintiff") as follows:

## I.    <u>INTRODUCTION</u>

1.    Answering Paragraphs 1, 2 and 3 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

///

1

1647867.1

## II.    JURISDICTION AND VENUE

2.    Answering Paragraphs 4, 5 and 6 of the first amended complaint, this answering Defendant admits the allegations contained therein.

## III.    PARTIES

3.    Answering Paragraph 7 of first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

4.    Answering Paragraphs 8, 9 and 10 of the first amended complaint, this answering Defendant admits that the City of Garden Grove is and was a duly organized public entity existing under the laws of the State of California, and could adopt policies and that at all relevant times the City was the employer of Defendant Sergeant Mike Martin who acted under color of law. Except as so expressly admitted, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said Paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

5.    Answering Paragraphs 11 and 12 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

## IV.    GENERAL ALLEGATIONS

6.    Answering Paragraphs 13, 14 and 15 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said Paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained

1647867.1

therein.

## V.    FACTUAL ALLEGATIONS

### A.    Phi Hong Shooting and GGPD Investigation

7.    Answering Paragraphs 16, 17, 18, 19, 20 and 21 of the first amended complaint, this answering Defendant admits that a gang shooting occurred in Garden Grove.  Except as admitted this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs at this time, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

#### 1.    *Nina's First Interrogation*

8.    Answering Paragraphs 22, 23, 24, 25, 26, 27 and 28 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs at this time, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

#### 2.    *Intermission & Aaron's Interrogation*

9.    Answering Paragraphs 29 and 30 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs at this time, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

#### 3.    *Nina's Second Interrogation*

10.    Answering Paragraphs 31, 32, 33, 34, 35, 36, 37, 38 and 39 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs at this time, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

///

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

**B. Trial**

11. Answering Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs at this time, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

**C. Reversal**

12. Answering Paragraphs 52 and 53 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

**D. Damages**

13. Answering Paragraphs 54, 55, 56 and 57 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in said paragraphs, and basing his denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

**VI.    PARTICIPATION, STATE OF MIND AND DAMAGES**

14. Answering Paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68 of the first amended complaint, this answering Defendant denies generally and specifically, all and singular, each and every allegation contained therein, and more particularly deny that by reason of the premises alleged or for any cause whatsoever Plaintiff suffered injuries or damages as alleged.

///

///

///

///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## VII.  CLAIMS FOR RELIEF

**A.    FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983, INCLUDING VIOLATIONS OF PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO BE FREE FROM DEPRIVATION OF LIBERTY ON THE BASIS OF COERCED INCULPATORY STATEMENTS, DELIBERATELY FABRICATED EVIDENCE, SUPPRESSION OF FAVORABLE EVIDENCE**

15.    Answering Paragraph 69 of the first amended complaint, this answering Defendant refer to their answer as to the allegations incorporated by reference into said paragraph, and incorporates said answer herein by reference as though fully set forth for the same effect.

16.    Answering Paragraph 70 of the first amended complaint, this answering Defendant admit that they were acting under the color of law except as expressly admitted, this answering Defendant deny each and every allegation contained in said paragraph.

17.    Answering Paragraphs 71, 72, 73, 74, 75, 76, 77, 78 and 79 of the first amended complaint, this answering Defendant denies generally and specifically, all and singular, each and every allegation contained therein, and more particularly deny that by reason of the premises alleged or for any cause whatsoever Plaintiff suffered injuries or damages as alleged.

18.    Answering Paragraph 80 of the first amended complaint, this answering Defendant admits that he was acting under the color of law and except as expressly admitted, deny each and every allegation contained in said paragraph.

19.    Answering Paragraphs 81 and 82 of the first amended complaint, this answering Defendant denies generally and specifically, all and singular, each and every allegation contained therein, and more particularly deny that by reason of the premises alleged or for any cause whatsoever Plaintiff suffered injuries or damages as alleged.

1647867.1

**B.    SECOND CLAIM FOR RELIEF:  § 1983 *MONELL* CLAIM**

*(Against Defendant City of Garden Grove (GGPD))*

20.    Answering Paragraphs 83, 84, 85, 86, 87 and 88 of the first amended complaint, this claim is not alleged against this answering Defendant.

**C.    THIRD    CLAIM    FOR    RELIEF:    §    1983    SUPERVISORY LIABILITY – FAILURE TO TRAIN, SUPERVISE & TAKE CORRECTIVE MEASURES**

*(Against Defendants Reynolds, Martin and DOES 1-10 (including DOE Defendants employed by the City of Garden Grove))*

21.    Answering Paragraph 89 of the first amended complaint, this answering Defendant refer to their answer to the allegations incorporated by reference into said paragraph, and incorporate said answer herein by reference as though fully set forth for the same effect.

22.    Answering Paragraphs 90, 91, 92, 93 and 94 of the first amended complaint, this answering Defendant denies generally and specifically, all and singular, each and every allegation contained therein, and more particularly deny that by reason of the premises alleged or for any cause whatsoever Plaintiff suffered injuries or damages as alleged.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

As an affirmative defense, Defendants allege that each cause of action contained in the first amended complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

As an affirmative defense, Defendants allege that the acts, actions, and conduct of the Plaintiff and/or third parties directly and proximately caused Plaintiff's injuries and/or damages, if any.  Therefore, Plaintiff is not entitled to damages or any other relief from Defendants.

1647867.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

### THIRD AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that the conduct, misconduct, and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount or percentage that said conduct, misconduct, or negligence caused or contributed to the alleged damages, should they be proven.

### FOURTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that any and all events and happenings, injuries and damages, if any, alleged in the first amended complaint were proximately caused and contributed to by Plaintiff in that Plaintiff assumed all risks and hazards by engaging in the course and conduct that resulted in Plaintiff's injuries, if any.

### FIFTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that Defendants are not liable for the damages, if any, alleged in the complaint by reason of the provisions of Government Code section 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

### SIXTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that, pursuant to Government Code sections 815.2 and 815.6, any and all mandatory duties imposed on Defendants, and Defendants' agents or employees, the failure of which allegedly created the condition at the time and place which is the subject of this complaint, were exercised with reasonable diligence and, therefore, Defendants are not liable to Plaintiff for the alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that, pursuant to the provisions of

1647867.1

Government Code section 818, a public entity cannot be liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing a Defendant. Defendants further allege that a public entity may not be held liable for punitive damages under federal law.

### EIGHTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code sections 820.2 and 815.2, a public entity and its employees, officers, and agents are not responsible for injury or damage resulting from an act or omission that was a result of the exercise of discretion vested in such officer, employee or agent, whether or not such discretion was abused.

### NINTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code section 820.4 and section 815.2, a public entity and its employees, officers, and agents are immune from tort liability for law enforcement activities while exercising due care.

### TENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code sections 820.8 and 815.2, a public entity and its employees, officers, and agents are immune from tort liability for injuries caused by the act or omission of another person.

### ELEVENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants asserts that Defendants had probable cause to believe that Plaintiff had committed felonies or misdemeanors in the presence of Defendants.

### TWELFTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF

As an affirmative defense, Defendants allege that at all times material hereto Defendants acted in an objectively reasonable manner and are entitled to the qualified immunity of good faith as a defense to actions brought as civil rights violations under

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1647867.1

1   42 U.S.C. section 1983.

2   **THIRTEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

3          As an affirmative defense, Defendants allege that at all times material hereto

4   Defendants acted in an objectively reasonable manner and are entitled to the absolute

5   immunity from liability as a defense to actions brought as civil rights violations under

6   42 U.S.C. section 1983.

7   **FOURTEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

8          As an affirmative defense, Defendants allege that if wrongful action did take

9   place, it was not pursuant to custom, policy, or usage of the public entity.

10  **FIFTEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

11         As an affirmative defense, Defendants allege that Plaintiff is barred from

12  recovery herein, in whole or in part, by reason of failure to mitigate damages.

13  **SIXTEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

14         As an affirmative defense, Defendants allege Plaintiff is in violation of the

15  Government Tort Claims Act, in that no claim was timely filed with Defendants.

16  Accordingly, the complaint is barred.

17  **SEVENTEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

18         As an affirmative defense, Defendants allege that Plaintiff is in violation of the

19  Government Tort Claims Act, in that the instant action was filed more than six months

20  after the denial of Plaintiff's claim.  Accordingly, the complaint is barred.

21  **EIGHTEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

22         As an affirmative defense, Defendants allege that, pursuant to the provisions of

23  Government Code sections 821.6 and 815.2, a public entity and its employees,

24  officers and agents are immune from tort liability for the institution of and/or

25  prosecution of an administrative or judicial proceeding even if instituted maliciously

26  and without probable cause.

27  **NINETEENTH AFFIRMATIVE DEFENSE TO EACH CLAIM FOR RELIEF**

28         As an affirmative defense, Defendants are informed and believes and thereon

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

9

alleges that Plaintiff was guilty of violations of the California Penal Code at all times relevant hereto.

### TWENTIETH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that pursuant to the provisions of Government Code section 822.2, section 815.2 and section 818.8, a public entity and its employees, officers and agents are immune from tort liability for negligent or intentional misrepresentations made while acting in the scope of employment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that, pursuant to the provisions of Government Code section 820.6, a public entity and its employees, officers and agents are immune from tort liability caused by their actions in good faith without malice and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants assert that Defendants honestly and reasonably believed in the truth of all criminal charges filed against the Plaintiff herein, acted without malice with regard to any role played by him in the filing of criminal charges, and that at all times and places material to the complaint, Defendants acted reasonably, in good faith, without malice, and further acted in accordance with proper police practice and/or the apparent authority of the California Penal Code.

### TWENTY-THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendants allege that the arrest of Plaintiff was made pursuant to a warrant of arrest regular upon its face, and that at the time of the arrest Defendants were acting without malice and in the reasonable belief that the person arrested was the one referred to in the warrant, and that accordingly, the arrest was privileged pursuant to Civil Code section 43.55.

1647867.1

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

## TWENTY-FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, the first amended complaint contains no allegations that establish that Plaintiff has exhausted the administrative remedies provided by California law for persons aggrieved or claiming to be aggrieved by administrative action. Accordingly, this action is barred.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of their first amended complaint and that said Defendant be dismissed with costs herein incurred and for such other and further relief as the Court deems just and proper.

DATED: December 20, 2021                    WOODRUFF, SPRADLIN & SMART, APC

By: /s/ *Caroline A. Byrne*
CAROLINE A. BYRNE
Attorneys for Defendants CITY OF GARDEN GROVE, a public entity, and SERGEANT MARK LORD and SERGEANT MIKE MARTIN, as employees of Defendant City of Garden Grove, a public entity

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1647867.1

## **DEMAND FOR JURY TRIAL**

Defendants CITY OF GARDEN GROVE, a public entity, and OFFICER MIKE MARTIN, an employee of Defendant City of Garden Grove, a public entity, hereby demands a trial by jury.

DATED:  December 20, 2021                    WOODRUFF, SPRADLIN & SMART, APC


By: /s/ *Caroline A. Byrne*
       CAROLINE A. BYRNE
       Attorneys for Defendants CITY OF GARDEN GROVE, a public entity, and SERGEANT MARK LORD and SERGEANT MIKE MARTIN, as employees of Defendant City of Garden Grove, a public entity

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1647867.1

12

## **PROOF OF SERVICE**

## **STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On December 20, 2021, I served the foregoing document(s) described as **ANSWER OF DEFENDANT SERGEANT MIKE MARTIN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

☐    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐    **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 20, 2021, at Costa Mesa, California.

/s/ *Laura F. Perez*
LAURA F. PEREZ

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1647867.1

13

**AARON NGUYEN v. CITY OF GARDEN GROVE, et al.**

**USDC, CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 8:21-cv-01775-JVS (ADSx)**

**ASSIGNED FOR ALL PURPOSES TO
HONORABLE JAMES V. SELNA
COURTROOM 10C
MAGISTRATE JUDGE AUTUMN D. SPAETH
COURTROOM 6B**

**SERVICE LIST**

Barrett S. Litt, Esq.                          Attorneys for Plaintiff
Lindsay Battles, Esq.                          **AARON NGUYEN**
McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, CA 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
Email:  blitt@mbllegal.com
        lbattles@mbllegal.com

11/4/21

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1647867.1

14